# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO.  07-CR-30182-WDS |
| | ) |
| TILDEN J. CRASE, | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on several pro se motions of the defendant, Tilden J. Crase, to amend or correct his sentence. Specifically, he has filed a motion to amend or correct judgment (Doc. 187) in which he seeks to have the Court credit him with approximately 7 months of imprisonment served while in custody on another charge in Kentucky, which predated the charges and conviction in this case. He has filed two subsequent motions, Motion to correct judgment (Doc. 188) and a motion to supplement (Doc. 189).

The defendant's motions involve sentences in two separate federal charges. The first was in the Eastern District of Kentucky and preceded the charges in this case. With respect to the Kentucky charges, the defendant was arrested on October 26, 2008 and held without bond. He pleaded guilty to Possession with intent to distribute marijuana (Count 1) and Possession with intent to distribute Oxycodone (Count 2). He was sentenced to a term of imprisonment of 48 months on July 17, 2008, on those charges. On September 18, 2008, the defendant was transferred to this District where he faced charges of conspiracy to distribute and possess with intent to distribute marijuana and cocaine (Count 1) and possession with intent to distribute cocaine (Count 2). He pleaded guilty, and with the agreement of the government that he was eligible for a safety

valve in this case because the marijuana involved in the Kentucky case was, in part, included in the conspiracy in this case, the Court found he was a Level 33, criminal history category I, with a Guidelines range of 135 to 168 months. He was sentenced to a term of imprisonment of 135 months to run concurrently to the Kentucky sentence and a term of supervised release of 5 years on each of Counts 1 and 2 to run concurrently.

On February 24, 2010, the Court granted the government's Rule 35 motion and reduced the defendant's sentence to a total term of 90 months, also ordered to run concurrently with the Kentucky sentence. The seven months for which he now seeks credit appears to be the time served prior to his transfer to this district.

At the sentencing hearing in this case, the Court fully considered how related this case and the Kentucky case were and concluded that they were somewhat related, and therefore, the defendant was entitled to safety valve credit. The Court did not, however, find that the time served on the Kentucky case was exactly the same as on the conspiracies charged in this case. The time frames were similar, and some of the drugs involved were related, but they were not identical charges nor did they involve the same, identical activities and offenses.

Upon review of the record, and taking into account the provisions of U.S.S.G. § 5G1.3, the Court **FINDS** that it is not inclined to grant the defendant the relief he seeks. The Court gave him credit for the Kentucky conviction, including running the sentences concurrently and finding the defendant was eligible for safety valve sentencing. The Court did not at the time, and does not now, intend to give the defendant credit for the time he served on the Kentucky conviction before being brought to this Court for the charges in the Southern District of Illinois.

Accordingly, the Court **DENIES** defendant's motions for credit for time served on all grounds raised.

**IT IS SO ORDERED.**

**DATE: ___2 November, 2012__**

                          **/s/   WILLIAM D. STIEHL_____**
                                 **DISTRICT JUDGE**