IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 07-CR-30182-WDS |
| | ) |
| TILDEN J. CRASE, | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on a pro se motion of the defendant, Tilden J. Crase, to reconsider (Doc. 194) the Court's Order of November 2, 2012, which denied his prior motion to amend or correct his sentence. (See Order at Doc. 193, motions at Doc. 187, 188 and Supplement at 189). The Court previously determined that it did not intend, at the time of sentencing, to credit him with approximately 7 months of imprisonment served while in custody on another charge in Kentucky, which predated the charges and conviction in this case.

The defendant's motion for reconsideration seeks to have the Court compel the Bureau of Prisons to credit him with the time he was detained in this District from July of 2008 through April of 2009. The Court previously detailed the defendant's sentencing history, but for purposes of this Order will repeat that analysis. The defendant is serving sentences in two separate federal criminal cases. The first charge was in the Eastern District of Kentucky and that case preceded the charges in this case. With respect to the Kentucky charges, the defendant was arrested on October 26, 2007, and held without bond. He pleaded guilty to possession with intent to distribute marijuana (Count 1) and possession with intent to distribute Oxycodone (Count 2). He was sentenced to a term of imprisonment of 48 months on July 17, 2008, on those charges.

Thereafter, on September 18, 2008, he was transferred to this District to face the charges pending here. The indictment in this case included charges of conspiracy to distribute and possess with intent to distribute marijuana and cocaine (Count 1) and possession with intent to distribute cocaine (Count 2). He pleaded guilty in this District to those charges, and, with the agreement of the government that he was eligible for a safety valve in this case because the marijuana involved in the Kentucky case was, in part, included in the conspiracy in this case, the Court determined that he was a Level 33, criminal history category I, with a Guidelines range of 135 to 168 months. He was then sentenced to a term of imprisonment of 135 months to run concurrently to the Kentucky sentence and a term of supervised release of 5 years on each of Counts 1 and 2 to run concurrently.

On February 24, 2010, this Court granted the government's Rule 35 motion and reduced the defendant's sentence to a total term of 90 months, also ordered to run concurrently with the Kentucky sentence. The defendant is, essentially, seeking double credit for the time *after* his sentence began running on the Kentucky federal charge through the time he was sentenced in this Court. The Bureau of Prisons appears to have already credited him with time served on the *Kentucky* sentence during the period in question. He cannot also receive credit for the sentence in this Court.

Upon review of the record, and taking into account the provisions of U.S.S.G. § 5G1.3, the Court **FINDS** that the Court has previously considered all of the grounds on which the defendant seeks relief and cannot, grant the defendant the relief he seeks. The Bureau of Prisons calculates credit for time served on all of his charges. He cannot receive double credit for the time he was imprisoned awaiting the conclusion of the charges in this case.

Accordingly, the Court **DENIES** defendant's motion for reconsideration all grounds raised.

**IT IS SO ORDERED.**

**DATE:   30 January, 2013**

                                         **/s/   WILLIAM D. STIEHL**
                                              **DISTRICT JUDGE**